# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3410
_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Garret Roads

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: September 24, 2021
Filed: November 29, 2021
[Unpublished]

_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Jeffrey Roads pled guilty to child pornography offenses. Not long after changing his plea, Roads sat for a proffer interview. During the interview, Roads informed the Federal Bureau of Investigation (FBI) that another inmate, Justin Fletcher, made statements about hiring someone to harm several federal officials, including the district judge presiding over Roads's case. Subsequently, the FBI

identified Roads's attorney, who represented Fletcher in a separate case, as another target of Fletcher's threats. While Roads's attorney withdrew from representing Fletcher in the other case because of the threats, he chose to continue as Roads's counsel.

Nine days before sentencing, Roads unsuccessfully sought recusal of the district judge due to her status as a victim in Fletcher's case. The district court denied the motion on the grounds that it was both untimely and without merit. The court granted the government's motion for a downward departure and sentenced Roads to a term of 324 months' imprisonment.

On appeal, Roads challenges his sentence and the district court's denial of the recusal motion. Given the circumstances as now presented, we take no position on those issues.

During oral argument, Roads's attorney informed us that he intentionally tried to limit his involvement in the proffer and that he did not attend the proffer interview. He stated that "exact knowledge of what Mr. Roads was going to testify to was unknown . . . to myself" until shortly before sentencing. When asked if he had been trying to stay away from the interview because he previously represented Fletcher, Roads's attorney responded:

> I was. I was trying to avoid any allegation by Mr. Fletcher of saying that I was somehow tainting the testimony of Mr. Roads and trying to steer or manipulate the proceedings that way. Mr. Fletcher is a very dangerous man, a very manipulative man, and I was purposely trying to stay away from that.

The remarks made at argument raise concerns that Roads's attorney operated under a conflict of interest. See United States v. Brown, 508 F.2d 427, 430 (8th Cir. 1974) (explaining that an appellate court may examine *sua sponte* an issue that affects substantial rights in a criminal case). We have recognized that when a district court receives notice of a conflict of interest, "the trial court is obliged to conduct an

inquiry regardless of the nature of the conflict." <u>Caban v. United States</u>, 281 F.3d 778, 783 (8th Cir. 2002) (citing <u>Wood v. Georgia</u>, 450 U.S. 261, 272 n.18 (1981); <u>Holloway v. Arkansas</u>, 435 U.S. 475, 489 (1978)). We believe a similar practice is appropriate when the possible conflict of interest is discovered on appeal.

Under these unusual circumstances, we vacate Roads's sentence and remand to the district court for an evidentiary hearing to determine whether any conflict may have affected Roads's substantial rights. Considering the nature of the anticipated hearing, we recognize that recusal may be warranted. We leave that decision to the district court's discretion as the district court is in a better position than we are to perform the proper balancing test.

_____